FILED
APR 08 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN FISHER,

Plaintiff,

v.

FORTIN, R.N.,

Defendant.

No. C 14-5498 LHK (PR)

ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders service upon the defendant.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff alleges that, while housed at Salinas Valley State Prison, plaintiff was taken to the medical clinic in a wheelchair because his leg had swelled to at least two times its normal size. Defendant RN Fortin asked plaintiff what was wrong. Plaintiff showed RN Fortin his leg, and RN Fortin asked, "Have you been drinking?" After plaintiff responded that he had not been drinking, RN Fortin responded, "I smell alcohol on you. I'm not treating you. Get out." Plaintiff claims that he then waited for almost 12 hours before he was taken to be seen by a doctor, who put plaintiff on oral antibiotics and returned plaintiff to his cell. After another six hours had passed, plaintiff's cellmate called "mandown." Plaintiff was taken to Natividad Hospital, and then the Community Hospital of Monterey Peninsula where plaintiff spent 22 days and underwent five surgeries to save his leg and his life.

Liberally construed, plaintiff has stated a cognizable claim for relief against RN Fortin.

Plaintiff also lists "Doe" defendants. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See id.* Thus, Doe defendants are DISMISSED without prejudice. However, should plaintiff discover the identities of the Doe defendants, he may move to amend his complaint to include them in this action at a later date.

**CONCLUSION**

1. Doe defendants are DISMISSED without prejudice.

2. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of

Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **RN Fortin** at **Salinas Valley State Prison**. The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires her to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, she will be required to bear the cost of such service unless good cause be shown for her failure to sign and return the waiver form. If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, and defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. No later than **sixty (60) days** from the date the waivers are sent from the court, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date the summary judgment motion is due.**

5. Plaintiff's opposition to the dispositive motion shall be filed with the court and

served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6. Defendant shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

8. All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/8/2015

Lucy H. Koh

LUCY H. KOH
United States District Judge